■ Douglas Gress, Appellant, v State of New York, Respondent. (Claim No. 70745.)—Judgment, Court of Claims (Albert A. Blinder, J.), entered on or about November 10, 1988, which dismissed claimant's personal injury claim, unanimously affirmed, without costs or disbursements.

Claimant, an inmate participating in a temporary work release program from Edgecombe Correctional Facility, was injured when he fell from a scaffold during the course of demolition work for the Bethelite Community Church. He has sued the State for its negligence in the administration of its work release program. The trial court dismissed the claim for failure to make out a case after both sides had rested. On appeal, claimant argues that he proved the State's negligence in obtaining inappropriate employment for him, in failing to provide adequate supervision on the job, and in failing to have his parole officer visit the jobsite within 10 days from the date he became employed. These arguments are unpersuasive. Labor Law § 240, upon which he relies, is inapplicable since the State was neither the owner nor contractor at the work site. And, although claimant is an employee entitled to the protection of section 240, he, as a prisoner participating in a work release program, is not a State employee (Correction Law § 861), but, rather, an employee of the private employer with which he has been placed (see, Correction Law § 178).

Moreover, Ms. Ragosta, a correctional counsellor who recommended claimant for the job placement, was acting in a quasi-judicial capacity and thus the State is immune from liability for her actions. (Santangelo v State of New York, 101 AD2d 20.) In any event, the State does not have any duty or obligation to inspect and ensure the safety of the possible jobsites for inmates in a temporary release program. Concur—Sullivan, J. P., Ross, Milonas, Smith and Rubin, JJ.